**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MARCO-DANE JACKSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 20-cv-3734 |
|     v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, CHICAGO | ) | |
| POLICE OFFICER BERNADETTE | ) | |
| KELLY, and FORMER POLICE | ) | |
| SUPERINTENDANT EDDIE | ) | |
| JOHNSON, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

Plaintiff Marco-Dane Jackson ("Jackson") brings suit against Defendant Police Officer Bernadette Kelly ("Defendant" or "Officer Kelly") for unreasonable search and unlawful search and arrest in violation of the Fourth Amendment.[1]  Currently before the Court is Defendant's motion to dismiss for failure to state a claim [16].  For the following reasons, the Court concludes that Defendant's claims are barred by the statute of limitations.  Defendant's motion to dismiss [16] is therefore granted.  Furthermore, given the basis for the dismissal, leave to amend would be futile.  Accordingly, a final judgment will enter at this time.  Civil case terminated.

**DISCUSSION**

The complaint [1] alleges that on the afternoon of December 9, 2017, Officer Kelly stopped Plaintiff for no reason while he was walking down the street.  Officer Kelly told Plaintiff that someone on the street had called the police reporting that their home had been burglarized, which Plaintiff claims "was false." [1] at 5.  Officer Kelly allegedly grabbed Plaintiff, turned him around, and searched his private area in a very aggressive, sexual, and harassing manner in front of bystanders.  After Officer Kelly failed to find anything in her search, she allegedly pulled Plaintiff's pants down in front of bystanders, embarrassing Plaintiff.  Officer Kelly then handcuffed Plaintiff and escorted him to the 7th District Police Station.  Plaintiff was charged with a narcotics violation for manufacture/delivery of crack cocaine. *Id*. at 3.  The case against Plaintiff was subsequently dismissed.  See *id*. at 4.  Based on these facts, Plaintiff asserted Section 1983 claims for violation of the Fourth Amendment (arrest without probable cause, search without warrant or probable cause, and excessive force), failure to intervene, and conspiracy.  Plaintiff also

---

[1] All other claims and Defendants were dismissed from this action in the Court's July 27, 2020 screening order.  See [9].

asserted a *Monell* claim based on the allegation that Officer Kelly was acting pursuant to "General Order G03-02" (an alleged CPD policy for which the complaint provided no further explanation).

In its screening order, the Court allowed the Fourth Amendment unreasonable search and unlawful search and arrest claims against Officer Kelly to go forward. See [9] at 2-3. The Court cautioned Plaintiff, however, that "these claims are likely barred by the statute of limitations—an affirmative defense that Officer Kelly is free to raise in a motion to dismiss." *Id.* at 3. Officer Kelly has now moved to dismiss the claims against her based on the two-year statute of limitations that applies to Section 1983 claims. See *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019); 735 ILCS 5/13-202. The Court agrees that the claims against Officer Kelly are barred by the statute of limitations, and therefore grants her motion to dismiss.

A claim for excessive force accrues, and the statute of limitations begins to run, at the time the defendant police officer allegedly used the excessive force. See *Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998); see also *Valdez v. Village of Brookfield, Illinois*, 2020 WL 2935125, at *3 (N.D. Ill. June 3, 2020) ("A claim of excessive force under § 1983 'accrues immediately' at the time the alleged excessive force occurs." (quoting *Evan v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010))). A claim for unlawful arrest accrues when the arrestee becomes held pursuant to legal process—"when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (limitations period for arrestee's § 1983 unlawful arrest claim against city police officers began to run at time he appeared before examining magistrate and was bound over for trial, not later upon his release from custody after state dropped charges against him). Typically, this must occur within 48 hours of arrest. See *Fonder v. Sheriff of Kankakee County*, 823 F.3d 1144, 1145 (7th Cir. 2016).

In this case, Plaintiff was searched and arrested in December 2017, but did not file this suit until more than two and a half years later, in June 2020. His excessive force claim accrued on December 9, 2017, and clearly is barred by the statute of limitations. The docket from Plaintiff's state criminal proceedings (17112153201) shows that on December 10, 2017, a judge found probable cause for Plaintiff's detention. Defendant attaches a copy of the docket to her motion to dismiss, and the Court may take judicial notice of it. See *Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020) ("A court may take judicial notice of public records such as … state court documents[.]"). Plaintiff's unlawful arrest claim therefore accrued on December 10, 2017, over two and a half years before Plaintiff filed suit. Therefore, both of Plaintiff's claims against Officer Kelly are barred by the two-year statute of limitations.

In his response to Officer Kelly's motion, Plaintiff argues that the statute of limitations on his claims was tolled by 735 ILCS 5/13-202. But as Officer Kelly points out, the statutory language on which Plaintiff relies has no application here. The sentence on tolling reads, in full: "If the compelling of a confession or information by imminent bodily harm or threat of imminent bodily harm results in whole or in part in a criminal prosecution of the plaintiff, the 2-year period set out in this Section shall be tolled during the time in which the plaintiff is incarcerated, or until criminal prosecution has been finally adjudicated in favor of the above referred plaintiff, whichever is later." *Id.* There is no suggestion in either the complaint or Plaintiff's response brief that he provided a confession or information that was used to criminally prosecute him.

Finally, equitable tolling is not available to Plaintiff, either, because "Illinois does not toll the statute of limitations for inmates, nor does it consider a lack of resources sufficiently extraordinary to equitably toll the statute of limitations." *Bryant v. City of Chicago*, 746 F.3d 239,

242 (7th Cir. 2014) (citing *Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992)).

## CONCLUSION

For these reasons, Defendant's motion to dismiss [16] is granted and a final judgment will be entered under Federal Rule of Civil Procedure 58.  Civil case terminated.

Dated: June 10, 2021

Robert M. Dow, Jr.
United States District Judge